IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00370-GCM

| | | |
|---|---|---|
| ELMER C. HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SIEMENS ENERGY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 10], Plaintiff's response [Doc. No. 11], and Defendant's reply [Doc. No. 12]. For the reasons stated below, the Defendant's Motion is **GRANTED**.

I.      FACTUAL BACKGROUND

Plaintiff contends that he was not selected for a welding and maintenance position at Siemens Energy due to his age in violation of the Age Discrimination in Employment Act ("ADEA").  According to his Complaint and attachments thereto, Plaintiff alleges that on September 16, 2010, he applied for employment with Siemens by uploading his resume electronically to Siemens' career website. [Doc. No. 1 at 9].  After he uploaded his resume, Plaintiff was assigned a username and password. [*Id.* at 10].  To advance to the next phase of the employment screening process, Plaintiff was required to complete three "Word-Keys assessments toward[] earning a Career Readiness Certificate (CRC)" which he did on December 14, 2012. [*Id.*] Plaintiff earned a silver-level CRC but did not, thereafter, receive an invitation to participate in the next phase of training. [*Id.*] Plaintiff concludes, without any factual basis, that

1

Siemens' failure to invite him to participate in the next phase of training demonstrates that it is not an equal opportunity employer. [*Id.*]

Approximately one year later, Plaintiff learned from an article in the November 20, 2011 edition of The Charlotte Observer that Siemens still had a "need [to find] skilled workers." [*Id.*] The article further noted that it is challenging for Siemens to find skilled workers and that "out of every 2,000 job applicants, about one-tenth pass a skills test covering reading, math, and mechanical aptitude skills to advance in the interview process." After reading the article, Plaintiff re-applied for "the same welder-maintenance position" at Siemens on January 20, 2012. [*Id.*] Plaintiff contends that he was not "invited to proceed further in Siemens' interview process," and he "believe[s] that the reason is his age." [*Id*. at 11]. Plaintiff alleges that, four days after he submitted his employment application to Siemens, he learned (when listening to President Obama's State of the Union Address on January 24, 2012) that, at some unspecified time, Siemens had selected Jackie Bray, a single mom (age not specified), to undergo training at CPCC and hired her to "help operate their plant." [*Id.*].

II.     LEGAL STANDARD

To survive a motion to dismiss, the plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 545-47 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court must view the complaint in the light most favorable to the plaintiff and take the plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

2

Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive a motion to dismiss. *Garrett v. Elko*, 1997 WL 457667 at * 1 (4th Cir. 1997) (per curiam) (referencing *Gordon*, 574 F.2d at 1149-1151). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon*, 574 F.2d at 1151. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still do more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. a 555 (internal citations omitted).

In the context of the instant age discrimination case, the Court is mindful that Plaintiff need not plead a prima facie case of age discrimination to survive a 12(b)(6) motion, however, he must plead enough facts to "budge[]" claims "across the line from conceivable to plausible." *See Iqbal*, 129 S. Ct at 1951.

III.    ANALYSIS

As an initial matter, Defendant asserts that Plaintiff failed to file a timely charge of discrimination with the EEOC with respect to his claim that he experienced discriminatory treatment in 2010. It is clear that before a plaintiff can file a lawsuit in federal court alleging discrimination under the ADEA, he must first timely exhaust his administrative remedies by filing a charge with the EEOC within 180 days of the alleged adverse action. 29 U.S.C. § 626(d); 42 U.S.C. § 12117(a). Plaintiff bears the burden to "allege and prove filing of a timely charge of discrimination." *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). If the claimant fails to file a discrimination charge in a timely manner with the EEOC, "the claim is time barred in federal court." *McCullough v. Branch Banking & trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994).

3

Here, Plaintiff's complaint demonstrates that his claim for failure to hire on December 21, 2010 was untimely as he filed his charge with the EEOC on or about March 27, 2012. [Doc. No. 1 at 4 and 8]. Plaintiff's EEOC charge was filed 15 months after the alleged failure to hire on December 21, 2010. Therefore, Plaintiff's claim of failure to hire on December 21, 2010 must be dismissed.[1]

Next, Plaintiff's Complaint, as it relates to both the 2010 and 2012 allegations, fails to state a claim pursuant to the *Iqbal* and *Twombly* standards and must be dismissed. In order to establish a *prima facie* case of age discrimination in the hiring process, Plaintiff must establish: (1) that he is a member of the protected age group, that is, at least forty years of age; (2) that he was qualified for the job, that is, as a [welder/maintenance employee]; (3) that he was not hired despite his qualifications; and (4) that the person who was hired outside the protected class had equal or lesser qualifications." *Correa v. Roadway Express*, 2003 WL 42143 (M.D.N.C. Jan. 2, 2003) (citing *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1988).

Here, taking the allegations in Plaintiff's Complaint as true, Plaintiff makes the naked assertion that he applied for a welding job, completed an assessment test and was not hired. Plaintiff concludes that he "believe[s] the reasons is [his] age." [Doc. No. 1 at 11]. Plaintiff's Complaint contains no allegation as to whether his application was, in fact, rejected, or whether the position has remained open[2] or was filled by similarly qualified applicants outside of his

---

[1] The Court notes that Plaintiff does not even attempt to respond to Defendant's argument that Plaintiff did not timely file his Charge with the EEOC with respect to his December 21, 2010 application.

[2] Plaintiff's Complaint also does not establish whether there was a welder position open at the time he applied on January 20, 2012. The Court notes that Plaintiff does allege that he applied in January 2012, based on a newspaper article two months earlier that Siemens had a "need [to find] skilled workers."

4

protected class. His Complaint contains no allegation that Plaintiff is aware of any other applicants and, if they exist, how their qualifications and/or age create an inference of discrimination. The Complaint contains no allegation as to who, if anyone was hired for the position. Plaintiff's Complaint does not allege any comments made or actions taken by Siemens that support a finding of discrimination. In short, other than his conclusory statement that he believes he was not invited to proceed further in the interview process because of his age, Plaintiff presents no facts in his complaint connecting the decision to not hire him to his age.[3]

Because Plaintiff's Complaint and attachments thereto do not demonstrate any facially plausible nexus between his protected characteristic and Siemens' failure to hire him, his Complaint must be dismissed. *See Bryant v. Malbus,* 2011 WL 2436547 (D. Md. June 13, 2011) (granting motion to dismiss *pro se* plaintiff's complaint where the complaint contained no facts to support the allegation that the defendant's decision had anything to do with plaintiff's protected characteristics and failed to allege, who, if anyone, was hired for the position after he was rejected).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED and Plaintiff's Complaint is DISMISSED.

---

[3] The Court does note two pieces of "evidence" which Plaintiff contends show age bias. First, Plaintiff asserts that Siemens' sponsorship of apprentice programs to train potential employees as detailed in the Observer article shoes a preference for young workers. Next, Plaintiff contends that the Work Keys assessment asked for his date of birth to register. The Court is not persuaded by either piece of "evidence." Indeed, even considering such evidence in support of Plaintiff's Complaint, the Complaint does not demonstrate any facially plausible nexus between his protected characteristic and Defendant's failure to hire Plaintiff.

5

**SO ORDERED**.

Signed: November 1, 2012

Graham C. Mullen
United States District Judge